**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **BEST RING, LLC and FESTIVAL CONTROL SYSTEMS PROCESSING, LLC,** | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **Civil Action No. 6:22-cv-00766** |
| **RONIN POS, LLC, MARC BARRY, and KEVIN BOSQUEZ,** | § § § | **JURY TRIAL DEMANDED** |
| **Defendants.** | § § § | |

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Subject to Defendants' previously-filed Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) and Defendants' Partial Motions to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) to be filed in the near future, Defendants Ronin POS, LLC, Marc Barry and Kevin Bosquez (sometimes referred to collectively hereinafter as "Defendants"), by and through their undersigned counsel, hereby answer Plaintiffs Best Ring, LLC's and Festival Control Systems Processing, LLC's (sometimes collectively referred to hereinafter as "Plaintiffs") First Amended Complaint ("Amended Complaint"), including all prior and current unredacted and redacted versions of such Amended Complaint and exhibits (Dkt. Nos. 20-22).

Defendants answer and aver as follows with the numbered paragraphs corresponding to the like-numbered paragraphs of the Amended Complaint. The headings in Defendants' Answer below are copied from the Amended Complaint for organizational purposes only and are not admissions of any facts or allegations. To the extent such headings make factual allegations, Defendants do not adopt or admit such statements and thus deny all such allegations. Any

allegations not expressly admitted, denied, or explained, are denied, and Defendants specifically deny that Plaintiffs are entitled to the relief requested or any other relief whatsoever from Defendants. Except as expressly admitted below, Defendants deny each and every allegation set forth in the Amended Complaint.

**PARTIES**

**<u>Festival Control Systems Processing, LLC</u>**

1.     Defendants deny that Festival Control Systems Processing, LLC is a Texas limited liability company and further deny that it has ever done any business in Texas whatsoever. Defendants deny that Festival Control Systems Processing, LLC has the ability to own any intellectual property, including any copyrights and patents. As set forth in Defendants' Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1), a diligent search of the available online records maintained by the Texas Secretary of State and the Texas Comptroller shows that Festival Control Systems Processing, LLC is not an actual entity. Therefore, Defendants deny all the allegations of Paragraph 1 of the Amended Complaint.

**<u>Best Ring, LLC</u>**

2.     Defendants admit that Best Ring, LLC (sometimes referred to herein as "Best Ring") is a Texas limited liability company that conducts business at 801 Springdale Road, Austin, Texas. Defendants deny that Best Ring was founded in 2011. Defendants admit that Best Ring has provided point-of-sale hardware and software used in the festival operations context. Defendants lack information sufficient to form a belief about the truth of the remaining allegations in Paragraph 2 of the Amended Complaint and therefore Defendants deny those allegations.

## Ronin POS, LLC

3.      Defendants admit that Ronin POS, LLC (sometimes referred to herein as "Ronin") is a Texas limited liability company that has a principal office at 2200 Ranch Loop Drive, New Braunfels, Texas 78132, and Defendants further admit that such principal office is located within the Western District of Texas, but Defendants deny all of the other allegations of Paragraph 3 of the Amended Complaint in all respects, including but not limited to Defendants' denial of all allegations of alleged infringement asserted by Plaintiffs in Paragraph 3.

## Marc Barry

4.      Defendants admit that Marc Barry (sometimes referred to herein as "Barry") is a natural person and that he previously worked at Best Ring. Defendants note that Barry was never actually officially promoted to the position of "President" at Best Ring, but he did serve as the de facto President at Best Ring for several years in the absence of any other more senior officer or management and he did use that title with the tacit permission of ownership. Defendants further admit that Barry resides in New Braunfels, Comal County, Texas, which is a city located in the Western District of Texas. Defendants deny all of the other allegations of Paragraph 4 of the Amended Complaint in all respects, including but not limited to Defendants' denial of all allegations of alleged infringement asserted by Plaintiffs in Paragraph 4.

## Kevin Bosquez

5.      Defendants admit that Kevin Bosquez ("Bosquez") is a natural person and that he previously worked at Best Ring for a period of time as an employee and then later he later worked not as an employee but as a general contractor for Best Ring. Defendants admit that Bosquez resides in Travis County, Texas, which is located in the Western District of Texas. Defendants acknowledge that Plaintiffs sometimes use the term "Defendants" to collectively

refer to all three of the Defendants in the Amended Complaint, and this practice has been continued in this pleading. Defendants deny all of the other allegations of Paragraph 5 of the Amended Complaint in all respects, including but not limited to Defendants' denial of all allegations of alleged infringement asserted by Plaintiffs in Paragraph 5.

### JURISDICTION AND VENUE

6.     Paragraph 6 recites conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that the Amended Complaint purports to allege many federal and state law causes of action, including but not limited to claims of patent infringement, claims of copyright infringement, and claims of misappropriation of trade secrets, along with numerous other state law claims, but Defendants deny that this Court has subject matter jurisdiction over the claims of patent infringement and alleged copyright infringement because it is Defendants' position that Plaintiffs lack standing to assert such claims given that Festival Control Systems Processing, LLC does not exist as an actual entity and therefore cannot own any copyright registrations or issued patents.  Defendants refer the Court to Defendants' Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1).

7.     Paragraph 7 recites conclusions of law regarding jurisdiction to which no response is required.  To the extent a response is required to such jurisdictional allegations, Defendants do not contest that this Court has personal jurisdiction over Defendants. However, Defendants specifically deny the allegations of patent and copyright infringement and misappropriation of trade secrets contained within Paragraph 7 of the Amended Complaint and deny all remaining allegations in Paragraph 7 in all respects.

8.     Paragraph 8 recites, in part, conclusions of law regarding jurisdiction to which no response is required.  To the extent a response is required to such jurisdictional allegations,

Defendants do not contest that this Court has personal jurisdiction over Defendants. However, Defendants specifically deny the allegations of patent and copyright infringement and misappropriation of trade secrets contained within Paragraph 8 of the Amended Complaint and deny all remaining allegations in Paragraph 8 in all respects.

9.      Paragraph 9 recites, in part, conclusions of law regarding jurisdiction to which no response is required.  To the extent a response is required to such jurisdictional allegations, Defendants do not contest that this Court has personal jurisdiction over Defendants. However, Defendants specifically deny the allegations of patent and copyright infringement and misappropriation of trade secrets contained within Paragraph 9 of the Amended Complaint and deny all remaining allegations in Paragraph 9 in all respects.

10.      Paragraph 10 recites, in part, conclusions of law regarding jurisdiction to which no response is required.  To the extent a response is required to such jurisdictional allegations, Defendants do not contest that this Court has personal jurisdiction over Defendants. However, Defendants specifically deny the allegations of patent and copyright infringement contained within Paragraph 10 of the Amended Complaint, and deny all remaining allegations in Paragraph 10 in all respects.

11.      Paragraph 11 recites conclusions of law regarding venue.  Defendants do not contest that venue is proper in this District. However, Defendants specifically deny the allegations of infringement contained within Paragraph 11 of the Amended Complaint and deny that there were any actual acts or events that gave rise to the allegations asserted in this case.

## SINGLE ACTION

12.      Defendants understand that Plaintiffs are asserting that 35 U.S.C. §299 is applicable to this case and that Plaintiffs are asserting the legal conclusion that it is proper to join

all of Plaintiffs' allegations of patent infringement against the three Defendants into one action, but Defendants lack information or knowledge sufficient to form a belief about the truth of those allegations and legal conclusions, and therefore Defendants deny the allegations of Paragraph 12 at this time.

THE ASSERTED COPYRIGHT AND PATENTS

13.     Defendants admit the allegations of Paragraph 13 of the Amended Complaint.

14.     Defendants deny the allegations of Paragraph 14 of the Amended Complaint because Festival Control Systems Processing, LLC does not exist and therefore cannot own anything.

15.     Defendants deny the allegations of Paragraph 15 of the Amended Complaint because Festival Control Systems Processing, LLC does not exist and therefore cannot own anything.

16.     Defendants deny that Festival Control Systems Processing, LLC has ever utilized anything.  With regard to the remaining allegations of Paragraph 16 of the Amended Complaint, Defendants lack information or knowledge sufficient to form a belief about the truth or falsity of the remaining allegations, and therefore Defendants deny all the allegations of Paragraph 16.

17.     Defendants generally admit that "source code" is "the set of statements and instructions authored using a programming language (e.g., C++, PERL, Java)" *See* U.S. Copyright Office Circular 61 entitled "Copyright Registration of Computer Programs". Source code can also be defined as any collection of code written using a human-readable programming language, which is different from the resulting compiled object code that is executed by a general purpose computer.

18.     Defendants admit the allegations of Paragraph 18 of the Amended Complaint.

19.     Defendants admit that U.S. Patent No. 10,896,425 entitled "DEDICATED POINT OF SALE OVER AN INTERMITTENT NETWORK" (the " '425 Patent") was issued on January 19, 2021 and that it inaccurately lists Jeff Waughtal as the sole inventor. Defendants further admit that Exhibit 2 to the Amended Complaint is a copy of the '425 Patent. Defendants deny the remainder of Paragraph 19 in all other respects.

20.     Defendants deny the allegations of Paragraph 20 of the Amended Complaint because Festival Control Systems Processing, LLC is not an actual entity and therefore cannot own anything.

21.     Defendants admit that U.S. Patent No. 10,854,049 entitled "HARDENED REMOTE POINT OF SALE TERMINAL" (the " '049 Patent") was issued on December 1, 2020 and that it inaccurately lists Jeff Waughtal as the sole inventor. Defendants also admit that on August 2, 2022, which was twenty-two (22) days after the filing of this lawsuit, the United States Patent and Trademark Office issued a Certificate of Correction correcting a significant omission in the sole independent claim of the '049 Patent. Defendants further admit that Exhibit 3 to the Amended Complaint is a copy of the '049 Patent and the Certificate of Correction. Defendants deny the remainder of Paragraph 21 of the Amended Complaint in all other respects.

22.     Defendants deny the allegations of Paragraph 22 of the Amended Complaint because Festival Control Systems Processing, LLC is not an actual entity and therefore cannot own anything.

23.     Defendants admit that U.S. Patent No. 11,361,322 entitled "DYNAMIC POINT OF SALE ('POS') TRANSACTION PROCESSING FOR NETWORKED COMPUTING DEVICES" (the " '322 Patent") was issued on June 14, 2022 and that it inaccurately lists Jeff Waughtal as the sole inventor. Defendants further admit that Exhibit 4 to the Amended

Complaint is a copy of the '322 Patent. Defendants deny the remainder of Paragraph 23 of the Amended Complaint in all other respects.

24.    Defendants deny the allegations of Paragraph 24 of the Amended Complaint because Festival Control Systems Processing, LLC is not an actual entity and therefore cannot own anything.

## FACTUAL ALLEGATIONS

25.    In response to Paragraph 25 of the Amended Complaint, Defendants admit that Best Ring was one of several developers of point-of-sale systems intended for use in the music festival and outdoor venue context. Defendants have no knowledge regarding whether Jeff Waughtal is the current sole ultimate owner of Best Ring, but Defendants have no basis to contest that assertion. Defendants deny all the remaining allegations of Paragraph 25 of the Amended Complaint in all respects.

26.    Defendants deny that Festival Control Systems Processing, LLC owns the Copyright or the Patents asserted in this case. Defendants admit that Best Ring has provided point-of-sale systems and services to facilitate concession and merchandise transactions at music festivals in the past. Defendants deny all remaining allegations of Paragraph 26, if any.

27.    At this time, Defendants lack information or knowledge sufficient to form a belief about the truth or falsity of the allegations of Paragraph 27 of the Amended Complaint, and therefore Defendants deny those allegations at this time.

28.    Defendants deny the allegations of the first sentence of Paragraph 28 of the Amended Complaint. The remaining allegations of Paragraph 28 that are contained within the second through fourth sentences are so overly broad, vague, and non-specific that it is impossible

for Defendants to form a belief about the truth or falsity of those allegations of Paragraph 28, and therefore Defendants deny those allegations as well.

29.    Defendants admit that Best Ring previously used passwords to access certain systems and also added two-factor identification for at least some systems prior to the time that Marc Barry's employment with Best Ring was terminated, but Defendants have no knowledge of Best Ring's current security procedures and Defendants deny the allegations of Paragraph 29 in all other respects except as specifically admitted above.

30.    Defendants deny the allegations of Paragraph 30 of the Amended Complaint.  The first two sentences of Paragraph 30 are so vague and non-specific that it is impossible for Defendants to form a belief about the truth or falsity of those allegations, and therefore they are denied. Furthermore, the third and fourth sentences of Paragraph 30 that are purportedly supported by Exhibit 5 to the Amended Complaint are, in fact, not supported by Exhibit 5 given that Best Ring is not actually a party to the agreement that has been filed as Exhibit 5. Defendants also cannot know what Best Ring actually believes about various unidentified agreements that are not made exhibits to the Amended Complaint.  As a result of at least these issues, Defendants deny all the allegations of Paragraph 30 of the Amended Complaint.

31.    Defendants admit that Kevin Bosquez signed the non-disclosure agreement that has been filed by Plaintiffs under seal as Exhibit 6 to the Amended Complaint. That agreement speaks for itself with regard to what is stated therein. Defendants deny the remaining allegations of Paragraph 31 of the Amended Complaint because they are so vague and non-specific that it is impossible for Defendants to form a belief about the truth or falsity of those allegations, and therefore they are denied.

**A. Barry's Tenure as a Best Ring Employee**

32.     In response to Paragraph 32 of the Amended Complaint, Defendants admit that at one point in the past, Marc Barry worked at Stubb's Bar-B-Q as a barback and also admit that Marc Barry was not a computer programmer or software developer when he was initially hired to work at Stubb's Bar-B-Q.  Defendants further admit that Jeff Waughtal asked Marc Barry to work on point-of-sale systems and to work on testing, improving, developing, and refining such point-of-sale systems, first at Stubb's Bar-B-Q, and then later at Waughtal Management where Marc Barry was initially tasked with developing point-of-sale systems for music festivals and outdoor concerts that would eventually become the early version of the point-of-sale systems used by Best Ring.  Defendants deny that Marc Barry was employed by Best Ring from 2011 until early 2020, but Defendants admit that Marc Barry was employed by Best Ring during at least part of that time period. Defendants deny that Barry was ever officially designated President of Best Ring, but Defendants admit that Barry became the de facto President at Best Ring after a management change and that Jeff Waughtal subsequently tacitly approved Marc Barry's use of the title President. Other than as specifically admitted above, Defendants deny the allegations of Paragraph 32 of the Amended Complaint.

33.     Defendants lack the information necessary to admit or deny the allegations of Paragraph 33 of the Amended Complaint, and therefore they deny all such allegations at this time.  However, Defendants further state: upon information and belief, prior to his termination in May, 2020, Marc Barry *may* have had access to the then-current version of the source code that was used in connection with Best Ring's point-of-sale devices *if* and to the extent that it was stored on GitHub, but if so, he was not aware at that time that he had such access to the then-current source code and he never accessed it on GitHub. Moreover, Defendants admit that many

years ago a copy of old, legacy source code was provided to Mr. Barry on a CD-ROM by the original software programmer for safekeeping at Mr. Barry's home in case of a catastrophic systems failure, but Mr. Barry did not use that CD-ROM and he returned that CD-ROM containing the old legacy source code and all other relevant materials to Best Ring promptly after he was fired in May, 2020. Thus, Defendants lack information at this time to admit or deny the allegations of Paragraph 33, and therefore they deny all of those allegations at this time.

34.    In response to Paragraph 34 of the Amended Complaint, Defendants deny that any trust Waughtal and Best Ring allegedly placed in Marc Barry was "misplaced." Defendants admit that the COVID-19 pandemic occurred, that the pandemic affected Best Ring's revenue projections, and that Marc Barry's employment with Best Ring was terminated on or around May 4, 2020. However, Defendants deny all of the remaining allegations of Paragraph 34 in all respects because the allegations contain a number of inaccuracies, mischaracterizations, omissions and/or falsehoods.

35.    In response to Paragraph 35 of the Amended Complaint, Defendants admit that when most or all of the employees of Best Ring were asked to work remotely due to the Covid-19 pandemic, Marc Barry, like many other people across the United States, took a laptop computer home with him to continue doing work for Best Ring, and that laptop had a hard drive on which information related to Mr. Barry's employment and work at Best Ring was stored. During that same time, Mr. Barry also continued to have access to online platforms and accounts used by Best Ring because his job functions had not materially altered at the time the Covid-19 pandemic started. However, after Marc Barry's employment with Best Ring was terminated in May, 2020, procedures and protocols that Mr. Barry himself had helped to put in place at Best Ring caused him to immediately lose access to the online platforms and accounts used by Best

Ring. Mr. Barry also returned the hard drive from his laptop along with the CD-ROM containing the old legacy source code to Best Ring promptly after his termination. Defendants deny that Marc Barry took Best Ring's intellectual property and confidential and proprietary information with him to Ronin. Defendants also deny that Bosquez has ever been an employee of Ronin and further deny that any of the Defendants have breached Bosquez's nondisclosure agreement. Except as specifically admitted above, Defendants deny all other allegations of Paragraph 35 of the Amended Complaint in all other respects.

**B. Barry Launches Ronin [Allegedly] a few Months After Leaving Best Ring and [Allegedly] Uses Best Ring's Confidential Information to Compete Against Best Ring**

36.      In response to Paragraph 36 of the Amended Complaint, Defendants deny that Marc Barry "left his job" with Best Ring - as Plaintiffs already stated in Paragraph 34, Mr. Barry's employment at Best Ring was terminated. Defendants admit that Marc Barry was involved in forming Ronin POS, LLC, which was formed in November, 2020 – approximately six months after Barry was terminated by Best Ring. Defendants deny that Ronin developed full-scale competing technology "during the intervening few months" after Barry's termination, in fact Ronin's Katana point-of-sale device was not operational and deployed until early 2022. During 2021, Ronin used third-party point-of-sale devices like Square® to service music festivals and other customers and did not use its Katana device because that device was being independently developed and constructed by third parties in 2021.   Defendants also deny that Ronin's Katana point-of-sale device uses any allegedly proprietary technology that was allegedly developed by Best Ring prior to Mr. Barry's termination, and Defendants deny that Ronin was built on the platform of Plaintiffs' alleged intellectual property, alleged confidential and proprietary information, and alleged trade secrets. Defendants deny that Barry and Ronin have misappropriated any alleged trade secrets and deny that Ronin's Katana point-of-sale system

infringes on the asserted Copyright and Patents. Other than as specifically admitted above, Defendants deny the allegations of Paragraph 36 in all other respects.

37.     In response to Paragraph 37 of the Amended Complaint, Defendants generally admit that Ronin has competed with Best Ring in bidding for contracts to provide point-of-sale systems and services to multiple music festivals, some of which had previously been customers of Best Ring in past years. Defendants admit that subsequent to its formation, Ronin has done business with the festivals listed in the first sentence of Paragraph 37 of the unredacted Amended Complaint (Dkt. No. 20). Defendants deny that Best Ring otherwise would have had a reasonable probability of securing that work. Defendants deny that Ronin has interfered with Best Ring's ability to bid for contracts related to the events listed in the second sentence of Paragraph 37 of the unredacted Amended Complaint. Defendants deny that their Katana point-of-sale device benefits from the development costs borne by Best Ring. Defendants deny that all the contracts won by Ronin are former customers of Best Ring. Defendants have no knowledge regarding what Best Ring did or did not expect regarding its continued business with past customers. Other than as specifically admitted above, Defendants deny all of the allegations of Paragraph 37 in all respects.

38.     Defendants admit that the list of music festivals contained within Paragraph 38 of the unredacted Amended Complaint (Dkt. No. 20) contains festivals for which Ronin was hired to provide point-of-sale systems and services, but Defendants deny that Best Ring otherwise would have had a reasonable probability of securing that business. Defendants deny all of the remaining allegations of Paragraph 38 that are set forth in the unredacted Amended Complaint in all respects.

C. **Best Ring [Allegedly] Notifies Defendants of the Patents, [Allegedly] Imputing Actual Knowledge of Their Existence, as Well as Barry's [Alleged] Misappropriation of Best Ring's [Alleged] Confidential Information**

39.    Defendants first respond to Paragraph 39 of the Amended Complaint by noting that attorneys for Ronin and Marc Barry were actually the ones that initially reached out to Best Ring and Jeff Waughtal, and this was done in the form of an initial letter dated November 16, 2020 that was sent by Attorney Erica E. Valladares. Thus, Defendants deny that Best Ring itself "discover[ed] Ronin's sudden entry into the market" since it was Ronin and Marc Barry that initiated communications with Best Ring and Jeff Waughtal through counsel regarding intended competition in the point-of-sale space. This fact is reflected in the exhibits to Plaintiffs' own pleadings. *See* Exhibit 7 to Amended Complaint. Defendants admit that Best Ring's attorneys sent the letter dated December 10, 2020 that is attached as Exhibit 7 to the Amended Complaint and admit that it expressed concerns about potential infringement of intellectual property and concerns about potential misappropriation of alleged confidential and proprietary information. *See Id*. Likewise, Defendants admit that the same letter referenced the '425 Patent and the '049 Patent. *See Id.*  Plaintiffs have omitted the fact that Ronin responded to that letter with another letter from counsel, this time a letter from attorney William R. Borchers that addressed the concerns that were raised. However, again, the existence of Mr. Borchers' letter is reflected in the exhibits to Plaintiffs' own pleadings. See Exhibit 8. Defendants also admit that Ronin and Marc Barry did not respond to the letter attached as Exhibit 8 to the Amended Complaint.  Other than the specific admissions set forth above, Defendants deny all other allegations of Paragraph 39 of the Amended Complaint.

D. **Defendants [Allegedly] Brazenly Misappropriate Best Ring's Twitter Account**

40.    Defendants deny the allegations of Paragraph 40 of the Amended Complaint.

**E. Barry [Allegedly] Discloses Best Ring's Information to Yet Other Competitors**

41.    Defendants have no knowledge of when Best Ring discovered that an individual named Stephen Tyler won the contract to provide point-of-sale systems at Wurstfest in New Braunfels, Texas. Likewise, Defendants have no knowledge of whether or not Best Ring otherwise would have had a reasonable probability of securing the Wurstfest contract. Defendants admit that Wurstfest did business with Best Ring prior to 2021. Defendants deny that Marc Barry partnered with Stephen Tyler at any time or in any capacity prior to November, 2021 and further deny that Mr. Barry disclosed any alleged confidential or proprietary information to Stephen Tyler. Defendants deny the allegations of Paragraph 41 in all other respects.

**F. Ronin [Allegedly] Recruits Bosquez to Breach His Confidentiality Agreement with Best Ring**

42.    Defendants respond to Paragraph 42 of the Amended Complaint and state that the allegation in the last sentence of Paragraph 42 regarding Kevin Bosquez allegedly remaining "subject to his obligations arising from the nondisclosure agreement" is vague and ambiguous because it does not identify exactly which obligations are allegedly still in effect. Moreover, Defendants currently lack information and knowledge regarding whether or not Bosquez remained subject to all of the alleged obligations arising from the nondisclosure agreement that is attached as Exhibit 6 to the Amended Complaint following termination of his employment and subsequent discontinuance of his sporadic contractor work for Best Ring following the Covid-19 pandemic. As a result, at this time Defendants deny the allegation in the last sentence of Paragraph 42 regarding Bosquez's alleged obligations, but Defendants reserve the right to amend or supplement in the future. Defendants generally admit that Bosquez was initially a contractor for Best Ring, he later became a part-time employee of Best Ring for a short period of time, and then he was fired at the beginning of the Covid-19 pandemic, but he was later used by Best Ring

as a contractor again on a sporadic basis for a short period of time. Other than as specifically admitted above, Defendants deny the allegations of Paragraph 42 of the Amended Complaint.

43.    Defendants deny the allegations of Paragraph 43 of the Amended Complaint.

44.    Defendants deny the allegations of Paragraph 44 of the Amended Complaint.

### COUNT 1 – [ALLEGED] INFRINGEMENT OF U.S. COPYRIGHT NO. TXU 2-315-518 (AGAINST ALL DEFENDANTS)

45.    Defendants repeat and reallege their answers and responses to Paragraphs 1–44, which are incorporated by reference as though fully set forth herein.

46.    Defendants deny the allegations of Paragraph 46 of the Amended Complaint.

47.    Defendants lack sufficient information to form an opinion regarding the truth or falsity of the allegations of Paragraph 47 of the Complaint, and therefore Defendants deny those allegations.

48.    Defendants admit that, in general, source code is considered a literary work that is copyrightable and registerable with the U.S. Copyright Office.

49.    Defendants deny the allegations of Paragraph 49 of the Amended Complaint.

50.    Defendants admit the allegation of Paragraph 50 of the Amended Complaint.

51.    Defendants admit the allegation of Paragraph 51 of the Amended Complaint.

52.    Defendants lack sufficient information to form an opinion regarding the truth or falsity of the allegations of Paragraph 52 of the Amended Complaint because "Defendants' actions" is not a defined term, and therefore Defendants deny those allegations.

53.    Defendants deny the allegations of Paragraph 53 of the Amended Complaint.

54.    Defendants deny the allegations of Paragraph 54 of the Amended Complaint.

55.    Defendants deny the allegations of Paragraph 55 of the Amended Complaint.

56.    Defendants deny the allegations of Paragraph 56 of the Amended Complaint.

57.     Defendants deny the allegations of Paragraph 57 of the Amended Complaint.

58.     Defendants deny the allegations of Paragraph 58 of the Amended Complaint.

59.     In response to Paragraph 59 of the Amended Complaint, Defendants acknowledge that Plaintiffs are seeking a recovery of actual and consequential damages as a result of an alleged infringement of the Copyright, along with disgorgement of any benefits allegedly resulting therefrom, but Defendants deny that they ever infringed any copyrights and deny that Plaintiffs are entitled to the relief that they seek under the Copyright Act.

60.     Defendants deny the allegations of Paragraph 60 of the Amended Complaint and refer the Court to Defendants' 12(b)(6) partial motion to dismiss to be filed regarding the allegation asserted under 17 U.S.C. § 505.

### COUNT 2 – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 10,896,425
### (AGAINST ALL DEFENDANTS)

61.     Defendants repeat and reallege their answers and responses to Paragraphs 1–60, which are incorporated by reference as though fully set forth herein.

62.     Defendants deny the allegations of Paragraph 62 of the Amended Complaint.

63.     Defendants deny the allegations of Paragraph 63 of the Amended Complaint.

64.     Defendants deny the allegations contained within the first two sentences of Paragraph 64 of the Amended Complaint. To the extent the remaining sentences in Paragraph 64 of the Amended Complaint set forth a long list of multiple elements and claims allegedly disclosed by the '425 Patent, Defendants assert that the '425 Patent is attached as Exhibit 2 to the Amended Complaint and it can be reviewed by the Court and the trier of fact to determine the full content of its disclosure.

65.     Defendants deny the allegations of Paragraph 65 of the Amended Complaint.

66.     Defendants deny that a true and accurate copy of Claim 1 of the '425 Patent is set forth in Paragraph 66 of the Amended Complaint.

67.     Defendants deny the allegations of Paragraph 67 of the Amended Complaint on the grounds that the Court has not yet conducted a claim construction hearing in this case and Defendants lack requisite information sufficient to admit or deny these allegations, therefore Defendants deny the allegations of Paragraph 67.

68.     Defendants deny the allegations of Paragraph 68 of the Amended Complaint on the grounds that the Court has not yet conducted a claim construction hearing in this case and Defendants lack requisite information sufficient to admit or deny these allegations, therefore Defendants deny the allegations of Paragraph 68.

69.     Defendants deny the allegations of Paragraph 69 of the Amended Complaint.

70.     Defendants deny the allegations of Paragraph 70 of the Amended Complaint on the grounds that the Court has not yet conducted a claim construction hearing in this case and Defendants lack requisite information sufficient to admit or deny these allegations, therefore Defendants deny the allegations of Paragraph 70.

71.     Defendants admit the allegations of Paragraph 71 of the Amended Complaint.

72.     Defendants deny the allegations of Paragraph 72 of the Amended Complaint.

73.     Defendants deny the allegations of Paragraph 73 of the Amended Complaint.

74.     Defendants admit the allegation of Paragraph 74 of the Amended Complaint.

75.     Defendants deny the allegations of Paragraph 75 of the Amended Complaint.

76.     Defendants deny the allegations of Paragraph 76 of the Amended Complaint.

77.     Defendants deny the allegations of Paragraph 77 of the Amended Complaint.

78.     Defendants deny the allegations of Paragraph 78 of the Amended Complaint.

79.     Defendants deny the allegations of Paragraph 79 of the Amended Complaint.

80.     Defendants deny the allegations of Paragraph 80 of the Amended Complaint.

81.     Defendants deny the allegations of Paragraph 81 of the Amended Complaint.

82.     In response to Paragraph 82 of the Amended Complaint, Defendants acknowledge that Plaintiffs have stated they intend to rely on alleged direct and/or alleged circumstantial evidence to try to prove intent, but Defendants deny that there is any such evidence and also deny that there was any infringement, willful or otherwise.

83.     Defendants deny the allegations of Paragraph 83 of the Amended Complaint.

### COUNT 3 – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 10,854,049
### (AGAINST ALL DEFENDANTS)

84.     Defendants repeat and reallege their answers and responses to Paragraphs 1–83, which are incorporated by reference as though fully set forth herein.

85.     Defendants deny the allegations of Paragraph 85 of the Amended Complaint.

86.     Defendants deny the allegations contained within the first two sentences of Paragraph 86 of the Amended Complaint. To the extent the remaining sentences in Paragraph 86 of the Amended Complaint set forth a long list of multiple elements and claims allegedly disclosed by the '049 Patent, Defendants assert that the '049 Patent is attached as Exhibit 3 to the Amended Complaint and it can be reviewed by the Court and the trier of fact to determine the full content of its disclosure.

87.     Defendants deny the allegations of Paragraph 87 of the Amended Complaint.

88.     Defendants deny the allegations of Paragraph 88 of the Amended Complaint.

89.     Defendants deny the allegations of Paragraph 89 of the Amended Complaint.

90.     Defendants deny that Claim 1 of the '049 Patent as it was originally issued on December 1, 2020 is accurately reproduced in Paragraph 90 of the Amended Complaint. The

term "dedicated mobile computing device;" was not inserted into Column 15, Line 20 of the '049 Patent until the United States Patent & Trademark Office issued a Certificate of Correction dated August 2, 2022.

91.    Defendants deny the allegations of Paragraph 91 of the Amended Complaint.

92.    Defendants deny the allegations of Paragraph 92 of the Amended Complaint.

93.    Defendants deny the allegations of Paragraph 93 of the Amended Complaint.

94.    Defendants admit that the Katana device uses a third party screen protector, but Defendants deny that the Katana has a "hardened case" of the type described in the '049 Patent and deny the allegations of Paragraph 94 of the Amended Complaint in all other respects.

95.    Defendants admit that the Katana device uses a third party credit card reader device, but Defendants deny that the Katana has a "hardened case" of the type described in the '049 Patent and deny the allegations of Paragraph 94 of the Amended Complaint in all other respects.

96.    Defendants admit that the Katana device uses a third party chip card reader device, but Defendants deny that the Katana has a "hardened case" of the type described in the '049 Patent and deny the allegations of Paragraph 94 of the Amended Complaint in all other respects.

97.    Defendants deny the allegations of Paragraph 97 of the Amended Complaint.

98.    Defendants deny the allegations of Paragraph 98 of the Amended Complaint.

99.    Defendants deny the allegations of Paragraph 99 of the Amended Complaint.

100.    Defendants deny the allegations of Paragraph 100 of the Amended Complaint.

101.    Defendants deny the allegations of Paragraph 101 of the Amended Complaint.

102.    Defendants deny the allegations of Paragraph 102 of the Amended Complaint.

103.    Defendants deny the allegations of Paragraph 103 of the Amended Complaint.

104.    In response to Paragraph 104 of the Amended Complaint, Defendants acknowledge that Plaintiffs have stated they intend to rely on alleged direct and/or alleged circumstantial evidence to try to prove intent, but Defendants deny that there is any such evidence and also deny that there was any infringement, willful or otherwise.

105.    Defendants deny the allegations of Paragraph 105 of the Amended Complaint.

### COUNT 4 – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 11,361,322 (AGAINST ALL DEFENDANTS)

106.    Defendants repeat and reallege their answers and responses to Paragraphs 1–105, which are incorporated by reference as though fully set forth herein.

107.    Defendants deny the allegations of Paragraph 107 of the Amended Complaint.

108.    Defendants deny the allegations contained within the first two sentences and the last sentence of Paragraph 108 of the Amended Complaint. To the extent the remaining sentences in Paragraph 108 of the Amended Complaint set forth a long list of multiple elements and claims allegedly disclosed by the '322 Patent, Defendants assert that the '322 Patent is attached as Exhibit 4 to the Amended Complaint and it can be reviewed by the Court and the trier of fact to determine the full content of its disclosure.

109.    Defendants deny the allegations of Paragraph 109 of the Amended Complaint.

110.    Defendants deny the allegations of Paragraph 110 of the Amended Complaint.

111.    Defendants deny the allegations of Paragraph 111 of the Amended Complaint.

112.    Defendants admit the allegations of Paragraph 112 of the Amended Complaint.

113.    Defendants deny the allegations of Paragraph 113 of the Amended Complaint on the grounds that the Court has not yet conducted a claim construction hearing in this case and

Defendants lack requisite information sufficient to admit or deny these allegations, therefore Defendants deny the allegations of Paragraph 113.

114.    Defendants deny the allegations of Paragraph 114 of the Amended Complaint on the grounds that the Court has not yet conducted a claim construction hearing in this case and Defendants lack requisite information sufficient to admit or deny these allegations, therefore Defendants deny the allegations of Paragraph 114.

115.    Defendants admit the Katana device uses a third party strip card reader device, but deny the remaining allegations of Paragraph 115 of the Amended Complaint, if any.

116.    Defendants admit the Katana device uses a third party chip card reader device, but deny the remaining allegations of Paragraph 116 of the Amended Complaint, if any.

117.    Defendants deny the allegations of Paragraph 117 of the Amended Complaint on the grounds that the Court has not yet conducted a claim construction hearing in this case and Defendants lack requisite information sufficient to admit or deny these allegations, therefore Defendants deny the allegations of Paragraph 117.

118.    Defendants deny the allegations of Paragraph 118 of the Amended Complaint.

119.    Defendants admit the allegations of Paragraph 119 of the Amended Complaint.

120.    Defendants admit the allegations of Paragraph 120 of the Amended Complaint.

121.    Defendants deny the allegations of Paragraph 121 of the Amended Complaint on the grounds that the Court has not yet conducted a claim construction hearing in this case and Defendants lack requisite information sufficient to admit or deny these allegations, therefore Defendants deny the allegations of Paragraph 121.

122.    Defendants deny the allegations of Paragraph 122 of the Amended Complaint.

123.    Defendants deny the allegations of Paragraph 123 of the Amended Complaint.

124.    Defendants admit the allegations of Paragraph 124 of the Amended Complaint.

125.    Defendants admit the allegations of Paragraph 125 of the Amended Complaint.

126.    Defendants deny the allegations of Paragraph 126 of the Amended Complaint.

127.    Defendants deny the allegations of Paragraph 127 of the Amended Complaint.

128.    Defendants deny the allegations of Paragraph 128 of the Amended Complaint.

129.    Defendants deny the allegations of Paragraph 129 of the Amended Complaint.

130.    Defendants deny the allegations of Paragraph 130 of the Amended Complaint.

131.    Defendants deny the allegations of Paragraph 131 of the Amended Complaint.

132.    In response to Paragraph 132 of the Amended Complaint, Defendants acknowledge that Plaintiffs have stated they intend to rely on alleged direct and/or alleged circumstantial evidence to try to prove intent, but Defendants deny that there is any such evidence and also deny that there was any infringement, willful or otherwise.

133.    Defendants deny the allegations of Paragraph 133 of the Amended Complaint.

### COUNT 5 – [ALLEGED] BREACH OF FIDUCIARY DUTIES
### (AGAINST DEFENDANT BARRY)

134.    Defendants repeat and reallege their answers and responses to Paragraphs 1–133, which are incorporated by reference as though fully set forth herein.

135.    Defendants do not deny that Barry owed certain duties while he was an employee of Best Ring, but Defendants deny that Paragraph 135 sets forth a correct or accurate list of the fiduciary duties Marc Barry owed to Best Ring prior to or after termination of his employment at Best Ring in May, 2020. The list of alleged fiduciary duties allegedly owed by Mr. Barry to Best Ring during the term of his employment as set forth in Paragraph 135 is overly broad. Some, but not all, of the alleged duties listed by Plaintiffs are supported by relevant breach of fiduciary duty case law in Texas.  Some of the alleged duties set forth in Paragraph 135 are not supported by

such case law. Thus, Defendants deny that Plaintiffs have provided a correct recitation of the fiduciary duties that were actually applicable to Marc Barry during and/or after his employment with Best Ring, and therefore Defendants deny all the allegations of Paragraph 135 of the Amended Complaint.

136.    Defendants deny the allegations of Paragraph 136 of the Amended Complaint.

137.    In response to Paragraph 137 of the Amended Complaint, Defendants deny that Marc Barry breached any fiduciary duties allegedly owed to Best Ring and also deny that Plaintiffs are entitled to any damages herein of any type whatsoever.

## COUNT 6 – [ALLEGED] BREACH OF FIDUCIARY DUTIES
### (AGAINST DEFENDANT BOSQUEZ)

138.    Defendants repeat and reallege their answers and responses to Paragraphs 1–137, which are incorporated by reference as though fully set forth herein.

139.    Defendants admit that while Kevin Bosquez was an at-will employee of Best Ring, he owed Best Ring certain fiduciary duties, including some of those listed in Paragraph 139 of the Amended Complaint, but Defendants deny the allegations of Paragraph 139 in all other respects.

140.     Defendants deny the allegations of Paragraph 140 of the Amended Complaint.

141.    In response to Paragraph 141 of the Amended Complaint, Defendants deny that Kevin Bosquez breached any fiduciary duties allegedly owed to Best Ring and also deny that Plaintiffs are entitled to any damages herein of any type whatsoever.

## COUNT 7 – [ALLEGED] CONSPIRACY TO BREACH FIDUCIARY DUTIES
### (AGAINST ALL DEFENDANTS)

142.    Defendants repeat and reallege their answers and responses to Paragraphs 1–141, which are incorporated by reference as though fully set forth herein.

143.    Defendants deny the allegations of Paragraph 143 of the Amended Complaint.

## COUNT 8 – [ALLEGED] VIOLATION OF THE FEDERAL DEFEND TRADE SECRETS ACT (AGAINST ALL DEFENDANTS)

144.    Defendants repeat and reallege their answers and responses to Paragraphs 1–143, which are incorporated by reference as though fully set forth herein.

145.    Defendants admit that Paragraph 145 of the Amended Complaint selectively quotes a portion of one section of the Defend Trade Secrets Act, but Defendants deny that Paragraph 145 quotes or discloses the complete language of 18 U.S.C. § 1832.

146.    Defendants deny the allegations of Paragraph 146 of the Amended Complaint.

147.    Defendants deny the allegations of Paragraph 147 of the Amended Complaint.

148.    Defendants deny the allegations of Paragraph 148 of the Amended Complaint.

149.    Defendants deny the allegations of Paragraph 149 of the Amended Complaint.

150.    Defendants lack information or knowledge sufficient to form a belief about the truth of the allegations of Paragraph 150 of the Amended Complaint, and therefore Defendants deny the allegations of Paragraph 150 at this time.

151.    In response to Paragraph 151 of the Amended Complaint, Defendants understand that Best Ring seeks certain damages under the Defend Trade Secrets Act in this case, but Defendants deny that they violated the Defend Trade Secrets Act and deny that Plaintiffs are entitled to a recovery of any damages whatsoever.

## COUNT 9 – [ALLEGED] VIOLATION OF THE TEXAS UNIFORM TRADE SECRETS ACT (AGAINST ALL DEFENDANTS)

152.    Defendants repeat and reallege their answers and responses to Paragraphs 1–151, which are incorporated by reference as though fully set forth herein.

4882-6649-6566, v. 1                    Page 25 of 48          DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS

153.    Defendants admit that Paragraph 153 of the Amended Complaint selectively quotes a small portion of the definitional section of the Texas Uniform Trade Secrets Act, but Defendants deny that Paragraph 153 quotes or discloses the complete language of the Texas Uniform Trade Secrets Act.

154.    Defendants deny the allegations of Paragraph 154 of the Amended Complaint.

155.    Defendants deny the allegations of Paragraph 155 of the Amended Complaint.

156.    Defendants deny the allegations of Paragraph 156 of the Amended Complaint.

157.    Defendants deny the allegations of Paragraph 157 of the Amended Complaint.

158.    In response to Paragraph 158 of the Amended Complaint, Defendants understand that Best Ring seeks certain damages under the Texas Uniform Trade Secrets Act in this case, but Defendants deny that they misappropriated any of Best Ring's alleged confidential, proprietary, or trade secret information, and Defendants deny that Plaintiffs are entitled to a recovery of any damages whatsoever.

## COUNT 10 – [ALLEGED] BREACH OF CONTRACT
### (AGAINST DEFENDANT BOSQUEZ)

159.    Defendants repeat and reallege their answers and responses to Paragraphs 1–158, which are incorporated by reference as though fully set forth herein.

160.    In response to Paragraph 160 of the Amended Complaint, Plaintiffs have stated a legal conclusion that has not yet been proven in this case. At this time, Defendants lack information or knowledge sufficient to form a belief about the truth of the allegations of Paragraph 160 of the Amended Complaint, and therefore Defendants deny the allegations of Paragraph 160 at this time.

161.    Defendants deny the allegations of Paragraph 161 of the Amended Complaint.

162.    Defendants deny the allegations of Paragraph 162 of the Amended Complaint.

## COUNT 11 – [ALLEGED] TORTIOUS INTERFERENCE WITH EXISTING CONTRACT
### (AGAINST DEFENDANTS BARRY AND [SIC]BEST RING)

163.    Defendants repeat and reallege their answers and responses to Paragraphs 1–162, which are incorporated by reference as though fully set forth herein.

164.    In response to Paragraph 164 of the Amended Complaint, Plaintiffs have stated a legal conclusion that has not yet been proven in this case. At this time, Defendants lack information or knowledge sufficient to form a belief about the truth of the allegations of Paragraph 164 of the Amended Complaint, and therefore Defendants deny the allegations of Paragraph 164 at this time.

165.    Defendants deny the allegations of Paragraph 165 of the Amended Complaint.

166.    Defendants deny the allegations of Paragraph 166 of the Amended Complaint.

167.    Defendants deny the allegations of Paragraph 167 of the Amended Complaint on the grounds that it is vague and ambiguous as to which alleged contractual relations are at issue in the allegation and because Defendants Barry and Ronin did not interfere with any alleged contractual relations of Best Ring.

## COUNT 12 – [ALLEGED] TORTIOUS INTERFERENCE WITH PROSPECTIVE RELATIONS
### ***REDACTED***
### (AGAINST ALL DEFENDANTS)

168.    Defendants repeat and reallege their answers and responses to Paragraphs 1–167, which are incorporated by reference as though fully set forth herein.

169.    Defendants deny the allegations of Paragraph 169 of the Amended Complaint.

170.    Defendants deny the allegations of Paragraph 170 of the Amended Complaint.

171.    Defendants deny the allegations of Paragraph 171 of the Amended Complaint.

172.    Defendants deny the allegations of Paragraph 172 of the Amended Complaint.

173.    Defendants deny the allegations of Paragraph 173 of the Amended Complaint.

**COUNT 13 – [ALLEGED] TORTIOUS INTERFERENCE WITH PROSPECTIVE RELATIONS**
**\*\*\*REDACTED\*\*\***
**(AGAINST ALL DEFENDANTS)**

174.     Defendants repeat and reallege their answers and responses to Paragraphs 1–173, which are incorporated by reference as though fully set forth herein.

175.     Defendants deny the allegations of Paragraph 175 of the Amended Complaint.

176.     Defendants deny the allegations of Paragraph 176 of the Amended Complaint.

177.     Defendants deny the allegations of Paragraph 177 of the Amended Complaint.

178.     Defendants deny the allegations of Paragraph 178 of the Amended Complaint.

179.     Defendants deny the allegations of Paragraph 179 of the Amended Complaint.

**COUNT 14 – [ALLEGED] TORTIOUS INTERFERENCE WITH PROSPECTIVE RELATIONS**
**\*\*\*REDACTED\*\*\***
**(AGAINST ALL DEFENDANTS)**

180.     Defendants repeat and reallege their answers and responses to Paragraphs 1–179, which are incorporated by reference as though fully set forth herein.

181.     Defendants deny the allegations of Paragraph 181 of the Amended Complaint.

182.     Defendants deny the allegations of Paragraph 182 of the Amended Complaint.

183.     Defendants deny the allegations of Paragraph 183 of the Amended Complaint.

184.     Defendants deny the allegations of Paragraph 184 of the Amended Complaint.

185.     Defendants deny the allegations of Paragraph 185 of the Amended Complaint.

**COUNT 15 – [ALLEGED] TORTIOUS INTERFERENCE WITH PROSPECTIVE RELATIONS**
**\*\*\*REDACTED\*\*\***
**(AGAINST ALL DEFENDANTS)**

186.     Defendants repeat and reallege their answers and responses to Paragraphs 1–185, which are incorporated by reference as though fully set forth herein.

187.     Defendants deny the allegations of Paragraph 187 of the Amended Complaint.

188.    Defendants deny the allegations of Paragraph 188 of the Amended Complaint.

189.    Defendants deny the allegations of Paragraph 189 of the Amended Complaint.

190.    Defendants deny the allegations of Paragraph 190 of the Amended Complaint.

191.    Defendants deny the allegations of Paragraph 191 of the Amended Complaint.

### COUNT 16 – [ALLEGED] TORTIOUS INTERFERENCE WITH PROSPECTIVE RELATIONS ***REDACTED*** (AGAINST ALL DEFENDANTS)

192.    Defendants repeat and reallege their answers and responses to Paragraphs 1–191, which are incorporated by reference as though fully set forth herein.

193.    Defendants deny the allegations of Paragraph 193 of the Amended Complaint.

194.    Defendants deny the allegations of Paragraph 194 of the Amended Complaint.

195.    Defendants deny the allegations of Paragraph 195 of the Amended Complaint.

196.    Defendants deny the allegations of Paragraph 196 of the Amended Complaint.

197.    Defendants deny the allegations of Paragraph 197 of the Amended Complaint.

### COUNT 17 – [ALLEGED] TORTIOUS INTERFERENCE WITH PROSPECTIVE RELATIONS ***REDACTED*** (AGAINST ALL DEFENDANTS)

198.    Defendants repeat and reallege their answers and responses to Paragraphs 1–197, which are incorporated by reference as though fully set forth herein.

199.    Defendants deny the allegations of Paragraph 199 of the Amended Complaint.

200.    Defendants deny the allegations of Paragraph 200 of the Amended Complaint.

201.    Defendants deny the allegations of Paragraph 201 of the Amended Complaint.

202.    Defendants deny the allegations of Paragraph 202 of the Amended Complaint.

203.    Defendants deny the allegations of Paragraph 203 of the Amended Complaint.

**COUNT 18 – [ALLEGED] TORTIOUS INTERFERENCE WITH PROSPECTIVE RELATIONS**
**\*\*\*REDACTED\*\*\***
**(AGAINST ALL DEFENDANTS)**

204.    Defendants repeat and reallege their answers and responses to Paragraphs 1–203, which are incorporated by reference as though fully set forth herein.

205.    Defendants deny the allegations of Paragraph 205 of the Amended Complaint.

206.    Defendants deny the allegations of Paragraph 206 of the Amended Complaint.

207.    Defendants deny the allegations of Paragraph 207 of the Amended Complaint.

208.    Defendants deny the allegations of Paragraph 208 of the Amended Complaint.

209.    Defendants deny the allegations of Paragraph 209 of the Amended Complaint.

**COUNT 19 – [ALLEGED] CONSPIRACY TO INTERFERE WITH BUSINESS RELATIONS**
**(AGAINST ALL DEFENDANTS)**

210.    Defendants repeat and reallege their answers and responses to Paragraphs 1–209, which are incorporated by reference as though fully set forth herein.

211.    Defendants deny the allegations of Paragraph 211 of the Amended Complaint.

**REQUEST FOR PERMANENT INJUNCTION**

212.    Defendants repeat and reallege their answers and responses to Paragraphs 1–211, which are incorporated by reference as though fully set forth herein.

213.    Defendants understand that Best Ring seeks a permanent injunction in this case, but Defendants deny that Best Ring is entitled to any injunctive relief whatsoever, and Defendants deny the allegations of Paragraph 213 of the Amended Complaint in all respects.

**ATTORNEY'S FEES**

214.    In response to Paragraph 214 of the Amended Complaint, Defendants understand that Best Ring seeks an award of its attorney's fees in this case, but Defendants deny that Best

Ring is entitled to any award of attorney's fees, and Defendants deny the allegations of Paragraph 214 of the Amended Complaint in all respects.

### DEMAND FOR JURY TRIAL

215.    Defendants understand that Plaintiffs have demanded a jury trial in this case. Defendants also demand a jury trial in this case for all issues so triable.

### RESERVATION OF RIGHTS

216.    No response is necessary to Paragraph 216 of the Amended Complaint.

### PRAYER FOR RELIEF

A response is not required to Plaintiffs' prayer for relief. To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to be awarded any relief whatsoever. Defendants deny any and all allegations of the Amended Complaint not specifically admitted hereinabove. Defendants have not infringed on the asserted Copyright, and therefore Plaintiffs are not entitled to any declaration of copyright infringement. Defendants have not infringed, directly or indirectly, and have not induced or contributed to any third party's alleged infringement of, any valid and enforceable claim of the asserted Patents, if any, and therefore Plaintiffs are not entitled to any remedy or recovery for any alleged patent infringement. None of the Defendants has breached any alleged fiduciary duties allegedly owed to Best Ring, nor have the Defendants conspired to do so, and therefore Best Ring is not entitled to any actual or consequential damages or any disgorgement of alleged benefits received for alleged breach of fiduciary duty. Defendants have not violated the Federal Defend Trade Secrets Act or the Texas Uniform Trade Secrets Act, and therefore Best Ring is not entitled to actual or exemplary damages or attorneys' fees under those acts. Defendants have not breached any valid and enforceable contract, nor have they tortiously interfered with any such contract, and therefore

Best Ring is not entitled to actual and consequential damages or attorneys' fees for such alleged acts. Defendants have not tortiously interfered with Best Ring's alleged prospective relations nor have they conspired to do so, and therefore Best Ring is not entitled to any damages for such alleged acts. Defendants deny that Plaintiffs are entitled to any award of attorneys' fees, expert expenses, or costs. Defendants deny that Plaintiffs are entitled to any award of prejudgment and post-judgment interest or court costs. Defendants deny that Plaintiffs are entitled to any injunctive relief whatsoever.  In summary, Defendants deny that they are liable to Plaintiffs jointly or individually on any of the claims alleged in the Amended Complaint and deny that Plaintiffs are entitled to injunctive relief, equitable relief, damages, treble damages, statutory damages, punitive damages, costs and expenses of suit, expert witness fees, attorneys' fees, interest, accounting, or any relief whatsoever.  Plaintiffs' prayer for relief should be denied in its entirety and Defendants pray that Plaintiffs receive a take-nothing judgment on all of their claims and causes of action asserted in this case.

## DEFENDANTS' DEFENSES INCLUDING AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses.  By asserting these defenses, Defendants do not admit any allegation of the Amended Complaint not otherwise admitted above, do not assume any burden of proof that they would not otherwise have, and do not reduce or remove Plaintiffs' burden of proof on their affirmative claims. Defendants reserve the right to modify, amend, supplement, and/or expand upon these defenses or assert any additional defenses to Plaintiffs' claims as they become known during the course of this litigation.

To the extent necessary and applicable, in support of each of the following defenses Plaintiffs repeat and reallege their answers and responses with regard to Paragraphs 1–216 of the Amended Complaint, which are incorporated by reference as though fully set forth herein.

## FIRST DEFENSE

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court lacks subject matter jurisdiction with regard to all claims of alleged infringement asserted in this case pursuant to the United States Copyright Act (17 U.S.C. §§ 501, et. seq.) and pursuant to the Patent Laws of the United States (35 U.S.C. §§ 271, et. seq.). The Court lacks subject matter jurisdiction over this case because the alleged owner of the Copyright and the Patents, Plaintiff Festival Control Systems Processing, LLC, was never formed, does not exist, and cannot own any copyrights or patents, and both Plaintiffs lack standing to assert any claims for alleged infringement of the Copyright and the Patents in this case. Defendants refer the Court to their Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) previously filed in this case.

## SECOND DEFENSE

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff has failed to state a claim upon which relief may be granted.  Defendants also refer the Court to all Partial (or total) Motions to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) that they may file in the future in this case.

## THIRD DEFENSE

Plaintiffs are not entitled to assert a claim for attorneys' fees pursuant to 17 U.S.C. § 505 because the alleged infringement of the alleged Copyright allegedly commenced at least more than three months prior to the effective date of the copyright registration, and the underlying source code for the copyright was allegedly published more than three months prior to the Effective Registration Date, and therefore, in the unlikely event that Plaintiffs prove copyright infringement (which they will not and is denied), no award of attorney's fees is available. *See* 17 U.S.C. § 412.

**FOURTH DEFENSE**

All of Best Ring's common law tort claims, including claims for alleged breach of fiduciary duty, alleged conspiracy to breach fiduciary duties, alleged tortious interference, and alleged conspiracy to interfere with business relations (Amended Complaint ¶¶ 136 - 213) are fundamentally based on the false accusation that Marc Barry and Kevin Bosquez allegedly misappropriated Best Ring's alleged trade secrets (all of which allegations of misappropriation of trade secrets are denied by Defendants). Where the gravamen of common law claims duplicates a Texas Uniform Trade Secrets Act claim, common law claims are preempted. *See* Tex. Civ. Prac. & Rem. Code 134A.007. As a result, all of the aforesaid common law tort claims should be dismissed by the Court.

**FIFTH DEFENSE**

The '049 Patent was initially issued by the United States Patent & Trademark Office on December 1, 2020 with language omitted from claim 1, which is the only independent claim of the '049 Patent. The omission of that language from the issued '049 Patent rendered the '049 Patent invalid for indefiniteness under 35 U.S.C. § 112. Thus, the '049 Patent was invalid and unenforceable at the time it was issued on December 1, 2020.

The present lawsuit was filed July 11, 2022. *See* Dkt. No. 1. A certificate of correction fixing the omission of the claim language in the '049 Patent was not issued by the United States Patent & Trademark Office until August 2, 2022. *See* Exhibit 3 to the Amended Complaint. It is well-settled under Federal Circuit case law that certificates of correction have only prospective effect. Thus, at the time this lawsuit was filed and at least any time prior to August 2, 2022, the '049 Patent was clearly invalid and unenforceable, and to the extent that Plaintiffs claim the Defendants allegedly infringed on the '049 Patent prior to August 2, 2022, such claims should

clearly be dismissed. Defendants also reserve the right to amend, expand, or supplement this defense in the future to assert complete and ongoing unenforceability of the '049 Patent should that be warranted under the relevant case law.

## SIXTH DEFENSE

Defendants have not infringed and do not infringe, under any theory of infringement, including literally or under the doctrine of equivalents, directly (whether individually or jointly) or indirectly (whether contributorily or by inducement), any valid and enforceable claim of the Patents asserted in this case.

## SEVENTH DEFENSE

Defendants have not engaged in, and are not engaging in, any act that constitutes willful infringement of any valid and enforceable claim of the Patents asserted in this case.

## EIGHTH DEFENSE

One or more claims of the Patents asserted in this case are invalid for failing to comply with one or more of the conditions and requirements for patentability provided by sections of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112, the applicable provisions of title 37 of the Code of Federal Regulations, and judicially created bases for invalidation, such as obviousness-type double patenting.

## NINTH DEFENSE

One or more claims of the Patents asserted in this case are invalid under 35 U.S.C. §§ 102 and 103 at least because one or more prior-art references, including but not limited to those references listed on the face of the Patents, either alone or in combination, disclose one or more claims of the Patents and/or because the alleged invention(s) claimed therein would have been obvious to one having ordinary skill in the art in view of the prior art, including, but not limited

to, the prior art listed on the face of the asserted Patents and the prior art set forth in Mr. Borchers' letter previously referenced hereinabove. Additional prior art that invalidates the asserted claims will be set forth in Defendants' preliminary invalidity contentions and all future supplements or amendments thereto.

## TENTH DEFENSE

One or more claims of the Patents asserted in this case are invalid under 35 U.S.C. § 112 because they lack an adequate written description, are not enabled, and/or are indefinite.

## ELEVENTH DEFENSE

One or more claims of the Patents asserted in this case are invalid under 35 U.S.C. § 101 because the claims are directed to an abstract idea and/or to patent ineligible subject matter.

## TWELFTH DEFENSE

The claims of the asserted Patents are and were limited by amendment, by the prior art, and/or by the statements made during prosecution before the United States Patent and Trademark Office, such that Plaintiffs are now estopped and otherwise precluded from maintaining that such claims are of sufficient scope to cover the Accused Products, either literally or under the doctrine of equivalents.

## THIRTEENTH DEFENSE

To the extent that Jeff Waughtal is not the actual inventor of the alleged inventions or alleged embodiments of the inventions that are claimed in the asserted Patents, then those Patents are invalid and unenforceable.

## FOURTEENTH DEFENSE

To any extent that one or more actual inventors or actual joint inventors were not named as inventors with regard to one or more of the asserted Patents, such Patent(s) are invalid.

## FIFTEENTH DEFENSE

Plaintiffs' claims for damages are limited and/or barred, in whole or in part, pursuant to 35 U.S.C. § 287.

## SIXTEENTH DEFENSE

Plaintiffs' claims, in whole or in part, are barred by equitable doctrines including, but not limited to, waiver, equitable estoppel, judicial estoppel, disclaimer, acquiescence, patent misuse, unclean hands, and/or laches.

## SEVENTEENTH DEFENSE

Plaintiffs' request for injunctive relief is barred in whole or in part because any alleged injury to Plaintiffs is not immediate or irreparable, Plaintiffs have an adequate remedy at law, and Plaintiffs fail to meet the requirements for such relief.

## EIGHTEENH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because it comes before this Court with unclean hands.

## NINETEENTH DEFENSE

Plaintiffs have dedicated to the public one or more methods, systems, and/or products disclosed in the asserted Patents and is therefore estopped from claiming infringement by any such public domain method, system, and/or product.

## TWENTIETH DEFENSE

Plaintiffs have failed to plead claims of patent infringement with sufficient specificity or factual support to place Defendants on notice of the claims Plaintiffs are asserting against them, such that Plaintiffs have failed to state a claim upon which relief can be granted.

## TWENTY-FIRST DEFENSE

Plaintiffs have failed to state a claim for willful infringement and failed to plausibly allege facts sufficient to show that this is an egregious case of culpable behavior warranting enhanced damages.

## TWENTY-SECOND DEFENSE

Plaintiffs fail to state a claim for relief against Defendants for an exceptional case under 35 U.S.C. § 285.

## TWENTY-THIRD DEFENSE

Plaintiffs are barred by 35 U.S.C. § 288 from recovering costs associated with this suit.

## TWENTY-FOURTH DEFENSE

To the extent that the alleged inventions and embodiments of inventions claimed in the asserted Patents were on sale and were in public use by Best Ring or its predecessors more than one year prior to the respective filing dates of the underlying patent applications, all such inventions and embodiments were not patentable pursuant to 35 U.S.C. § 102(a)(1), (b).

## TWENTY-FIFTH DEFENSE

Plaintiffs are not entitled to a recovery of attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code § 38.001 firstly because Defendants have not breached any alleged contract with Plaintiffs, but secondarily because Plaintiffs have failed to satisfy the condition precedent set forth at Tex. Civ. Prac. & Rem. Code § 38.002.

## RESERVATION OF RIGHTS

Defendants have not knowingly or intentionally waived any applicable affirmative defense and reserve the right to assert and rely upon such other affirmative defenses as may become available or apparent during discovery proceedings. Defendants further reserve the right

to amend their Answer and/or affirmative defenses accordingly, and/or to remove or add affirmative defenses and counterclaims that Defendants determine during the course of discovery are not applicable.

## RONIN POS, LLC'S COUNTERCLAIMS

Counterclaim-Plaintiff Ronin POS, LLC ("Ronin") asserts the following counterclaims against Counterclaim-Defendant Best Ring, LLC ("Best Ring"):

### PARTIES

1. Ronin is a Texas limited liability company having a principal place of business at 2200 Ranch Loop Drive, New Braunfels, Texas.

2. Best Ring is a Texas limited liability company having a principal place of business at 801 Springdale Road, Austin, Texas.

### JURISDICTION AND VENUE

3. Ronin's counterclaims arise under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202; and the patent laws of the United States, 35 U.S.C. § 101 *et seq.* This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), 2201, and 2202.

4. This Court has personal jurisdiction over Best Ring because Best Ring submitted itself and consented to the jurisdiction of this Court by filing its Complaint in this Court alleging infringement of U.S. Copyright Reg. No. TXu 2-315-518 (the "Copyright"), U.S. Patent No. 10,896,425 ("the '425 Patent"), U.S. Patent No. 10,854,049 (the '049 Patent), and U.S. Patent No. 11,361,322 ("the '322 Patent") (the Copyright, the '425 Patent, the '049 Patent, and the '322 Patent are sometimes collectively referred to herein as the "Asserted IP").

5. Venue is likewise proper in this judicial district for the following counterclaims at least because Best Ring has consented to this venue by asserting and filing claims of patent infringement against Ronin and others in this Court, in response to which these counterclaims are asserted.

## FACTUAL BACKGROUND

6.     According to the Complaint, Jeff Waughtal ("Waughtal") is the ultimate owner of Best Ring. This is supported by available public records. The Certificate of Formation for Best Ring available from the Texas Secretary of State lists Waughtal as the sole initial manager, and that Certificate of Formation was filed with the Texas Secretary of State on June 3, 2016. Thus, Best Ring was formed in June, 2016, and it appears Waughtal was the initial sole manager.

7.     The alleged Applicant and alleged Author for the Copyright is listed as Festival Control Systems Processing, LLC. See Exhibit 1 to the Amended Complaint (Dkt. No. 21-1).

8.     The '425 Patent issued from U.S. Patent. App. No. 16/258,698 (the '698 Application), which was filed January 28, 2019. The alleged Inventor listed for the '425 Patent is Jeff Waughtal.  *See* Exhibit 2 to the Amended Complaint (Dkt. No. 21-2). The alleged Applicant for the '698 Application and the alleged Assignee for the '425 Patent are both listed as Festival Control Systems Processing, LLC.

9.     The '049 Patent issued from U.S. Patent. App. No. 16/258,704 (the '704 Application), which was filed January 28, 2019. The alleged Inventor listed for the '049 Patent is Jeff Waughtal.  *See* Exhibit 3 to the Amended Complaint (Dkt. No. 21-3). The alleged Applicant for the '704 Application and the alleged Assignee for the '049 Patent are both listed as Festival Control Systems Processing, LLC.

10.    The '322 Patent issued from U.S. Patent. App. No. 17/117,391 (the '391 Application), which was filed December 10, 2020. The '391 Application was a continuation of the '698 Application, filed January 28, 2019, now issued as the '425 Patent. The alleged Inventor listed for the '322 Patent is Jeff Waughtal.  *See* Exhibit 4 to the Amended Complaint (Dkt. No.

21-4). The alleged Applicant for the '391 Application and the alleged Assignee for the '322 Patent are both listed as Festival Control Systems Processing, LLC.

11.     Festival Control Systems Processing, LLC was never formed, does not currently exist, and has never existed prior to the filing date of these Counterclaims.

12.     Festival Control Systems Processing, LLC is not a Texas limited liability company.

13.     There are no assumed name filings with the Texas Secretary of State that list Festival Control Systems Processing, LLC as an assumed name used by some other actually extant entity.

14.     There are no assumed name filings with the County Clerk of Travis County, Texas that list Festival Control Systems Processing, LLC as an assumed name of some other actually extant entity.

**Counterclaim I: Declaratory Judgment That Festival Control Systems Processing, LLC Does Not Exist**

15.     Ronin repeats and realleges the entirety of Paragraphs 1-14 of these Counterclaims, which are incorporated by reference as if fully stated herein.

16.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Ronin is entitled to a judicial declaration that Festival Control Systems Processing, LLC is not a valid Texas limited liability company, that Festival Control Systems Processing, LLC has not been registered as an assumed name that is used by any other existing valid Texas business entity or person, that Festival Control Systems Processing, LLC did not actually exist as of the date the Asserted IP was registered and/or issued, and that Festival Control Systems Processing, LLC did not actually exist on the date this lawsuit was originally filed by Best Ring.

**Counterclaim II: Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,896,425**

17.    Ronin repeats and realleges the entirety of Paragraphs 1-16 of these Counterclaims, which are incorporated by reference as if fully stated herein.

18.    Best Ring has filed an action for patent infringement, alleging that Ronin infringes one or more claims of the '425 Patent.

19.    Ronin has not infringed and does not infringe, under any theory of infringement, any claim of the '425 Patent, as set forth above in Defendants' Answers and Defenses.

20.    An actual controversy exists between the parties as to whether Ronin infringes any claim of the '425 Patent.

21.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Ronin is entitled to a judicial declaration that it has not infringed and does not infringe any claims of the '425 Patent.

**Counterclaim III: Declaratory Judgment of Invalidity of U.S. Patent No. 10,896,425**

22.    Ronin repeats and realleges the entirety of Paragraphs 1-21 of these Counterclaims, which are incorporated by reference as if fully stated herein.

23.    Best Ring has filed an action for patent infringement, alleging that Ronin infringes one or more claims of the '425 Patent.

24.    The claims of the '425 Patent are invalid for failure to meet one or more conditions of patentability set forth in Title 35 of the United States Code.

25.    An actual controversy exists between the parties as to the validity of the '425 Patent.

26.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Ronin is entitled to a judicial declaration that the claims of the '425 Patent are invalid.

**Counterclaim IV: Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,854,049**

27.     Ronin repeats and realleges the entirety of Paragraphs 1-26 of these Counterclaims, which are incorporated by reference as if fully stated herein.

28.     Best Ring has filed an action for patent infringement, alleging that Ronin infringes one or more claims of the '049 Patent.

29.     Ronin has not infringed and does not infringe, under any theory of infringement, any claim of the '049 Patent, as set forth above in Defendants' Answers and Defenses.

30.     An actual controversy exists between the parties as to whether Ronin infringes any claim of the '049 Patent.

31.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Ronin is entitled to a judicial declaration that it has not infringed and does not infringe any claims of the '049 Patent.

**Counterclaim V: Declaratory Judgment of Invalidity of U.S. Patent No. 10,854,049**

32.     Ronin repeats and realleges the entirety of Paragraphs 1-31 of these Counterclaims, which are incorporated by reference as if fully stated herein.

33.     Best Ring has filed an action for patent infringement, alleging that Ronin infringes one or more claims of the '049 Patent.

34.     The claims of the '049 Patent are invalid for failure to meet one or more conditions of patentability set forth in Title 35 of the United States Code.

35.     An actual controversy exists between the parties as to the validity of the '049 Patent.

36.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Ronin is entitled to a judicial declaration that the claims of the '049 Patent are invalid.

**Counterclaim VI: Declaratory Judgment of Non-Infringement of U.S. Patent No. 11,361,322**

37.     Ronin repeats and realleges the entirety of Paragraphs 1-36 of these Counterclaims, which are incorporated by reference as if fully stated herein.

38.     Best Ring has filed an action for patent infringement, alleging that Ronin infringes one or more claims of the '322 Patent.

39.     Ronin has not infringed and does not infringe, under any theory of infringement, any claim of the '322 Patent, as set forth above in Defendants' Answers and Defenses.

40.     An actual controversy exists between the parties as to whether Ronin infringes any claim of the '322 Patent.

41.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Ronin is entitled to a judicial declaration that it has not infringed and does not infringe any claims of the '322 Patent.

**Counterclaim VII: Declaratory Judgment of Invalidity of U.S. Patent No. 11,361,322**

42.     Ronin repeats and realleges the entirety of Paragraphs 1-41 of these Counterclaims, which are incorporated by reference as if fully stated herein.

43.     Best Ring has filed an action for patent infringement, alleging that Ronin infringes one or more claims of the '322 Patent.

44.     The claims of the '322 Patent are invalid for failure to meet one or more conditions of patentability set forth in Title 35 of the United States Code.

45.     An actual controversy exists between the parties as to the validity of the '322 Patent.

46.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Ronin is entitled to a judicial declaration that the claims of the '322 Patent are invalid.

**RESERVATION OF RIGHT TO AMEND COUNTERCLAIMS II-VII**

As set forth above, Festival Control Systems Processing, LLC does not actually exist. However, should the Court somehow and for some reason unknown to Ronin at this time conclude otherwise, Ronin pleads in the alternative and reserves the right to amend Counterclaims II – VII above in order to assert those counterclaims against Festival Control Systems Processing, LLC, but it is Ronin's firm position that no such counterclaims can be asserted against a nonexistent entity and therefore there is no basis for making such counterclaims at this time.

**DEMAND FOR JURY TRIAL**

Ronin demands trial by jury of all causes of action herein properly triable to a jury, consistent with Federal Rule of Civil Procedure 38.

**PRAYER FOR RELIEF**

WHEREFORE, Ronin POS, PLLC prays for the following relief:

A. That Best Ring's Amended Complaint be dismissed with prejudice in its entirety and that Best Ring take nothing against all the Defendants;

B. That judgment be entered in favor of Ronin and the other Defendants and against Best Ring;

C. Judgment be entered declaring that Festival Control Systems Processing, LLC is not a valid Texas limited liability company, that Festival Control Systems Processing, LLC has not been registered as an assumed name that is used by any other existing valid Texas business entity or person, that Festival Control Systems Processing, LLC did not actually exist as of the date the Asserted IP was registered and/or issued, and that Festival Control Systems Processing, LLC did not actually exist on the date this lawsuit was originally filed by Best Ring;

D. Judgment be entered declaring that Ronin has not infringed and is not infringing any claim of the '425 Patent, either literally or under the doctrine of equivalents, directly or indirectly;

E. Judgment be entered declaring that Ronin has not infringed and is not infringing any claim of the '049 Patent, either literally or under the doctrine of equivalents, directly or indirectly;

F. Judgment be entered declaring that Ronin has not infringed and is not infringing any claim of the '322 Patent, either literally or under the doctrine of equivalents, directly or indirectly;

G. Judgment be entered declaring that all claims of the '425 Patent are invalid;

H. Judgment be entered declaring that all claims of the '049 Patent are invalid;

I. Judgment be entered declaring that all claims of the '322 Patent are invalid;

J. Judgment be entered declaring that the '425 Patent is unenforceable;

K. Judgment be entered declaring that the '049 Patent is unenforceable;

L. Judgment be entered declaring that the '322 Patent is unenforceable;

M. Judgment be entered awarding Ronin its attorneys' fees in connection with this action pursuant to 35 U.S.C. § 285 and/or other applicable laws;

N. That Best Ring's conduct be declared to render this case an exceptional case;

O. That Best Ring be required to pay Ronin's costs of suit;

P. That Best Ring, its successors, affiliates, agents, employees, and attorneys, and those persons in active concert or participation with any of them, be enjoined from directly or indirectly asserting infringement of, or instituting any further action of infringement of, the Asserted IP against Ronin or any of Ronin's successors, assigns, agents, direct or indirect customers, partners, or suppliers; and

Q. That Ronin be awarded such other and further relief as the Court deems just and proper.

October 6, 2022                          Respectfully submitted,


                                         By: _____/s/: John A. "Andy" Powell_____
                                             John A. "Andy" Powell
                                             State Bar No. 24029775
                                             USPTO Reg. No. 71,533
                                             powell@namanhowell.com
                                             Jacqueline P. Altman
                                             State Bar No. 24087010
                                             jaltman@namanhowell.com
                                             John P. Palmer
                                             State Bar No. 15430600
                                             palmer@namanhowell.com
                                             of
                                             NAMAN HOWELL SMITH & LEE, PLLC
                                             400 Austin Ave., Suite 800
                                             Waco, Texas 76701
                                             Tel.: (254) 755-4100
                                             Fax: (254) 754-6331

                                             ATTORNEYS FOR RONIN POS, LLC,
                                             MARC BARRY AND KEVIN BOSQUEZ


### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 6th day of October 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                         _____/s/: John A. "Andy" Powell_____
                                             John A. "Andy" Powell