UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| BEST RING, LLC and FCS PROCESSING, LLC, § § § | |
| *Plaintiffs*, § § | Cause No. 6:22-CV-00766-ADA |
| v. § § | JURY TRIAL DEMANDED |
| RONIN POS, LLC, MARC BARRY, and KEVIN BOSQUEZ, § § § § | |
| *Defendants*. § | |

## BEST RING, LLC AND FCS PROCESSING, LLC'S ANSWER TO RONIN POS, LLC'S AMENDED COUNTERCLAIMS

Best Ring, LLC and FCS Processing, LLC (collectively, "Counter-Defendants") file their Answer to Ronin POS, LLC's ("Ronin") Amended Counterclaims (Dkt. No. 40), and would show the Court as follows:

### PARTIES

1. Counter-Defendants admit the allegations in paragraph 1.

2. Counter-Defendants admit the allegations in paragraph 2.

### JURISDICTION AND VENUE

3. Counter-Defendants deny that the Federal Declaratory Judgment Act (28 U.S.C. §§ 2201-2202) creates subject matter jurisdiction for any of Ronin's counterclaims, but admit the remainder of the allegations in paragraph 3.

4. Counter-Defendants admit the allegations in paragraph 4.

5. Counter-Defendants admit the allegations in paragraph 5.

### FACTUAL BACKGROUND

6. Counter-Defendants admit the allegations in paragraph 6.

7. Counter-Defendants admit the allegations in paragraph 7. As further discussed in Plaintiffs' Notice of Filing Second Amended Complaint or Alternative Motion to File Second Amended Complaint, and Responses in Opposition to Defendants' Partial Motions to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) (Dkt. No. 34) ("Plaintiffs' Notice"), on October 14, 2022, Counter-Defendants' counsel filed a corrective assignment with the United States Patent and Trademark Office correcting the assignee name for the '425 Patent to reflect "FCS Processing, LLC." On November 8, 2022, the United States Patent and Trademark Office notified Counter-Defendants that the corrective assignments had been recorded. Those corrective assignments are effective as of the date of the original assignment of the '425 Patent. In light of the recorded corrective assignment, Counter-Defendants deny there is any legal significance to the fact that the Applicant for the '698 Application was listed as "Festival Control Systems Processing, LLC" instead of "FCS Processing, LLC."

8. Counter-Defendants admit the allegations in paragraph 8. As further discussed in Plaintiffs' Notice, on October 14, 2022, Counter-Defendants' counsel filed a corrective assignment with the United States Patent and Trademark Office correcting the assignee name for the '049 Patent to reflect "FCS Processing, LLC." On November 8, 2022, the United States Patent and Trademark Office notified Counter-Defendants that the corrective assignments had been recorded. Those corrective assignments are effective as of the date of the original assignment of the '049 Patent. In light of the recorded corrective assignment, Counter-Defendants deny there is any legal significance to the fact that the Applicant for the '704 Application was listed as "Festival Control Systems Processing, LLC" instead of "FCS Processing, LLC."

9. Counter-Defendants admit the allegations in paragraph 9. As further discussed in Plaintiffs' Notice, on October 14, 2022, Counter-Defendants' counsel filed a corrective assignment

with the United States Patent and Trademark Office correcting the assignee name for the '322 Patent to reflect "FCS Processing, LLC." On November 8, 2022, the United States Patent and Trademark Office notified Counter-Defendants that the corrective assignment had been recorded. Those corrective assignments are effective as of the date of the original assignment of the '322 Patent. In light of the recorded corrective assignments, Counter-Defendants deny there is any legal significance to the fact that the Applicant for the '391 Application was listed as "Festival Control Systems Processing, LLC" instead of "FCS Processing, LLC."

10. Counter-Defendants deny the allegations in paragraph 10. As fully discussed in Plaintiffs' Notice, "FCS Processing, LLC" is the same entity, albeit with an abbreviated name, as "Festival Control Systems, LLC." FCS Processing, LLC is a Texas limited liability company that has existed since 2012, and still exists.

11. Counter-Defendants deny the allegations in paragraph 11. As fully discussed in Plaintiffs' Notice, "FCS Processing, LLC" is the same entity, albeit with an abbreviated name, as "Festival Control Systems, LLC." FCS Processing, LLC is a Texas limited liability company that has existed since 2012, and still exists.

12. Counter-Defendants admit that there are no assumed name filings with the Texas Secretary of State that list Festival Control Systems Process, LLC as an assumed name of another entity. Counter-Defendants deny, however, the allegation that Festival Control Systems is not an existing entity. As fully discussed in Plaintiffs' Notice, "FCS Processing, LLC" is the same entity, albeit with an abbreviated name, as "Festival Control Systems, LLC." FCS Processing, LLC is a Texas limited liability company that has existed since 2012 and still exists. Counter-Defendants deny any other allegations in paragraph 12.

13. Counter-Defendants admit that there are no assumed name filings with the County Clerk of Travis County, Texas that list Festival Control Systems Process, LLC as an assumed name of another entity. Counter-Defendants deny, however, the allegation that Festival Control Systems is not an existing entity. As fully discussed in Plaintiffs' Notice, "FCS Processing, LLC" is the same entity, albeit with an abbreviated name, as "Festival Control Systems, LLC." FCS Processing, LLC is a Texas limited liability company that has existed since 2012 and still exists. Counter-Defendants deny any other allegations in paragraph 13.

Counterclaim I: Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,896,425

14. Counter-Defendants incorporate their prior responses to paragraphs 1-13.

15. Counter-Defendants admit the allegations in paragraph 15.

16. Counter-Defendants deny the allegations in paragraph 16.

17. To the extent Ronin is alleging noninfringement, Counter-Defendants deny that the '425 Patent is not infringed. Counter-Defendants admit and agree that an actual controversy exists and deny any other allegations in paragraph 17.

18. Counter-Defendants deny the allegations in paragraph 18.

Counterclaim II: Declaratory Judgment of Invalidity of U.S. Patent No. 10,896,425

19. Counter-Defendants incorporate their prior responses to paragraphs 1-18.

20. Counter-Defendants admit the allegations in paragraph 20.

21. Counter-Defendants deny the allegations in paragraph 21.

22. To the extent Ronin is alleging invalidity, Counter-Defendants deny that the '425 Patent is invalid. Counter-Defendants admit and agree that an actual controversy exists and deny any other allegations in paragraph 22.

23. Counter-Defendants deny the allegations in paragraph 23.

4863-8930-3621

Counterclaim III: Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,854,049

24. Counter-Defendants incorporate their prior responses to paragraphs 1-23.

25. Counter-Defendants admit the allegations in paragraph 25.

26. Counter-Defendants deny the allegations in paragraph 26.

27. To the extent Ronin is alleging noninfringement, Counter-Defendants deny that the '049 Patent is not infringed. Counter-Defendants admit and agree that an actual controversy exists and deny any other allegations in paragraph 27.

28. Counter-Defendants deny the allegations in paragraph 28.

Counterclaim IV: Declaratory Judgment of Invalidity of U.S. Patent No. 10,854,049

29. Counter-Defendants incorporate their prior responses to paragraphs 1-28.

30. Counter-Defendants admit the allegations in paragraph 30.

31. Counter-Defendants deny the allegations in paragraph 31.

32. To the extent Ronin is alleging invalidity, Counter-Defendants deny that the '049 Patent is invalid. Counter-Defendants admit and agree that an actual controversy exists and deny any other allegations in paragraph 32.

33. Counter-Defendants deny the allegations in paragraph 33.

Counterclaim V: Declaratory Judgment of Non-Infringement of U.S. Patent No. 11,361,322

34. Counter-Defendants incorporate their prior responses to paragraphs 1-33.

35. Counter-Defendants admit the allegations in paragraph 35.

36. Counter-Defendants deny the allegations in paragraph 36.

37. To the extent Ronin is alleging noninfringement, Counter-Defendants deny that the '322 Patent is not infringed. Counter-Defendants admit and agree that an actual controversy exists and deny any other allegations in paragraph 37.

38. Counter-Defendants deny the allegations in paragraph 38.

4863-8930-3621

Counterclaim VI: Declaratory Judgment of Invalidity of U.S. Patent No. 11,361,322

39. Counter-Defendants incorporate their responses to paragraphs 1-38.

40. Counter-Defendants admit the allegations in paragraph 40.

41. Counter-Defendants deny the allegations in paragraph 41.

42. To the extent Ronin is alleging invalidity, Counter-Defendants deny that the '322 Patent is invalid. Counter-Defendants admit and agree that an actual controversy exists and deny any other allegations in paragraph 42.

43. Counter-Defendants deny the allegations in paragraph 43.

### RESERVATION OF RIGHTS TO AMEND COUNTERCLAIMS II-VI

No response is required for this paragraph.

### DEMAND FOR JURY TRIAL

No response is required for this paragraph. Counter-Defendants also demand a jury trial for all issues so triable.

### [RONIN'S] PRAYER FOR RELIEF

No response is required to the "Prayer for Relief" section, but Counter-Defendants deny that Ronin is entitled to the relief requested.

### **COUNTER-DEFENDANTS' RESERVATION OF RIGHTS**

Counter-Defendants have not knowingly or intentionally waived any applicable affirmative defense and reserve the right to assert and rely upon such affirmative defenses as may become available or apparent during discovery proceedings. Counter-Defendants further reserve the right to amend their Answer and/or affirmative defenses accordingly.

## COUNTER-DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Counter-Defendants respectfully pray Ronin takes nothing by its counterclaims and that the Court grant Counter-Defendants any other relief deemed just and proper.

Dated: December 21, 2022.                     Respectfully submitted,

By: */s/ William G. Cochran*
Paige A. Amstutz
State Bar No. 00796136
pamstutz@scottdoug.com
William G. Cochran
State Bar No. 24092263
wcochran@scottdoug.com
Stephen L. Burbank
State Bar No. 24109672
sburbank@scottdoug.com
**SCOTT DOUGLASS & McCONNICO LLP**
303 Colorado Street, Suite 2400
Austin, Texas 78701-2589
(512) 495-6300 (telephone)
(512) 495-6399 (fax)

***COUNSEL FOR PLAINTIFFS/COUNTER-DEFENDANTS***

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on December 21, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ William G. Cochran*
William G. Cochran

4863-8930-3621