## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| **BEST RING, LLC,  FESTIVAL CON-TROL SYSTEMS PROCESSING, LLC,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **CIVIL NO. W-22-CV-00766-DTG** |
| **RONIN POS, LLC, MARC BARRY, KEVIN BOSQUEZ,** | § § § § | |
| **Defendants.** | § | |

## ORDER ON DISCOVERY DISPUTE REGARDING PRIVILEGED DOCUMENTS

The parties presented the Court with a discovery dispute about the privileged nature of documents redacted in discovery. While the dispute initially involved five documents, the parties were able to amicably resolve their dispute for three of the documents. The two-remaining disputed documents involve the same email string, which Plaintiff partially redacted under a claim of attorney-client privilege protection. Defendant provided the unredacted documents to the Court for an *in camera* review before the hearing. After considering the parties' positions as stated in their chart, arguments of counsel at the hearing, a review of the disputed documents, and applicable case law, the Court finds that the attorney-client privilege does not apply, and Defendant is **ORDERED** to produce the two documents in unredacted form.

A short background description of the documents is helpful in understanding the posture of this dispute. The two documents at issue are an email string that began with an email from Defendant Marc Barry to six individuals—Marc Allen, John Harrell, Troy Burch, David Pfeuffer, Frank Suhr, and Stephen Feltner. All six individuals were potential investors in Defendant's

company. Three of the six were attorneys, and all but one—Stephen Feltner—eventually invested in Defendant Ronin POS, LLC.

Defendant Barry has redacted a portion of these documents under the attorney-client privilege. While Defendant Barry agrees that the primary purpose of the communications was to seek investment, he asserts that an additional purpose was to raise "a question regarding possible resolutions of a legal issue and requested advice and counsel of the recipients in their capacity as attorneys." Defendant Barry further contends that the non-attorney potential investors have a common legal interest with Defendant Barry and that common interest prevents waiver of the attorney-client privilege.

Plaintiff challenges this assertion of the attorney client privilege. Plaintiff contends that the primary purpose of seeking investment prevents the privilege from applying. Plaintiff also that potential investors cannot have a common interest with a party against whom they are negotiating. Finally, Plaintiff contends that including a non-attorney third party—a potential investor who decided not to invest in Defendant Ronin.

For a communication to qualify as privileged under the attorney-client privilege, it must meet three requirements. It must have been a confidential communication. It must have been made to a lawyer. And the primary purpose of the communication must have been securing legal advice or assistance. *See Doe 1 v. Baylor University*, Case No. 6:16-CV-173-RP-AA, 2020 WL 13609969, at *1 (W.D. Tex. Apr. 20, 2020) (listing the requirements for protection under the attorney-client privilege). A fourth requirement is that the privilege has not been otherwise waived. *See Mariner Health Care Inc. v. Indemnity Ins. Co. of N. Am., Inc. (In re Subpoena of Curran)*, 2004 U.S. Dist. LEXIS 29914, *14-15, 2004 WL 2099870 (N.D. Tex. Sept. 20, 2004) (listing

2

four requirements for the attorney-client privilege with reference to Texas Rule of Evidence 503(b)(1)).

The two documents at issue fail the first two requirements. There is no evidence that the communication was intended to be confidential. The emails lack any indication of confidentiality. There is no header, footer, or verbiage of any kind to indicate that the communication is confidential and not to be shared beyond the recipients. At the hearing, counsel for Defendants acknowledged that no confidentiality agreement, such as a non-disclosure agreement, existed. Additionally, an *in camera* review of the email demonstrates that the redacted portion raises the possibility of legal issues that might need to be addressed, but it does not appear to seek legal advice or assistance. As such, the Court is persuaded that the redacted statements are not protected by the attorney-client privilege.

For the foregoing reasons, Defendants are **ORDERED** to produce unredacted versions of the two disputed emails **within seven (7) day**s of this Order.

SIGNED this 6th day of June, 2024.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE